IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
ALISA J. FORD,                         )
                                       )
             Plaintiff,                )
                                       )   CIVIL ACTION
v.                                     )
                                       )   No. 09-2060-JAR-GBC
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security,       )
                                       )
             Defendant.                )
_____)
```

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's Social Security Brief (Doc. 11) and the Commissioner of Social Security's (hereinafter Commissioner) "Motion to Remand and for Entry of Final Judgment." (Doc. 17). Briefing has been completed, and the matter is ripe for decision. The court has jurisdiction pursuant to 42 U.S.C. § 405(g). The court recommends the Commissioner's motion be GRANTED, his decision be REVERSED, and judgment be entered REMANDING the case for further proceedings consistent with this opinion.

**I.  Background**

Plaintiff filed a complaint (Doc. 1) seeking review of a decision of the Commissioner denying supplemental security income (SSI) under sections 1602 and 1614(a)(3)(A) of the Social

Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A)(hereinafter the Act). In due course, the Commissioner answered plaintiff's complaint and filed the administrative record with the court. (Doc. 5 and Attach. 1-6). Plaintiff filed a Social Security Brief in accordance with D. Kan. Rule 83.7.1 in which she alleged error in weighing two "other source" opinions and in considering a number of impairments, and sought remand for immediate award of benefits or, alternatively, remand for a proper evaluation. (Doc. 11)(Pl. Br.). The Commissioner did not file a Response Brief, but instead filed a motion to remand with a memorandum in support thereof. (Docs. 17, 18). In his supporting memorandum, the Commissioner stated that "remand was appropriate for full consideration of Plaintiff's alleged physical and mental impairments." (Doc. 18)(hereinafter Comm'r Remand).

Plaintiff opposed the motion, arguing that the record is clear as to plaintiff being disabled and that remand for further proceedings would needlessly delay the receipt of benefits. (Doc. 19)(Pl. Opp'n). She argued that the Commissioner did not specify what errors must be corrected on remand or how an additional hearing will aid in determination of disability. Id. at 1. The Commissioner filed a reply brief denying that the evidence points but one way, and clarifying his view that in the decision the ALJ evaluated plaintiff's mental impairments but did not fully consider plaintiff's physical impairments. (Doc.

20)(Reply). He acknowledges that the decision is not consistent with the Act, the regulations, and case law, but argues that remand for further proceedings is the appropriate remedy. Id.

**II. Analysis**

The parties agree the decision is erroneous. Although the Commissioner did not specifically admit plaintiff's allegations of error are meritorious, his response to plaintiff's brief was to seek remand. Moreover, he made no argument in opposition to the issues raised in plaintiff's Social Security Brief, and any potential argument is therefore waived. Wall v. Astrue, 561 F.3d 1048, 1066 (10th Cir. 2009)(issue presented without developed argumentation is waived). Although the court declines to deem the issues admitted, after review of the parties' briefs, the record, and the decision, the court agrees with plaintiff that the ALJ erred in weighing the "other source" opinions of nurse practitioner Laurel Reynolds and case worker Jill Washmon.

Nurse practitioner Reynolds is a "medical source" who is not an "acceptable medical source," and Ms. Washmon is a "non-medical source." Social Security Ruling (SSR) 06-3p, West's Soc. Sec. Reporting Serv., Rulings 328-34 (Supp. 2009). SSR 06-3p provides guidance for considering opinions from such "other sources" who are not "acceptable medical sources." Id. A statement that the opinion is from an "other source" who is not an "acceptable medical source," while factual, is an insufficient basis by

itself to discount the "other source" opinion because, as SSR 06-3p makes clear, such an opinion may, in certain circumstances, outweigh even the opinion of an "acceptable medical source." Id. at 332, 334.  Further, the ALJ discounted Ms. Washmon's opinion because "it is not compatible with the contemporaneous medical notes or claimant's own history which clearly notes she has the ability to work when she chooses to do." [sic]  (R. 23).  The ALJ made these conclusory findings, but did not support them with any citation to the record, and appears to attribute the ALJ's finding (that plaintiff can work when she desires to do so) to the plaintiff.

In similar fashion, the ALJ discounted nurse practitioner Reynold's opinion.  The ALJ found the opinion inconsistent with that of the consultant, Dr. McNeley-Phelps.  However, the consultant's statement that "characterological issues" "make it unlikely that she [plaintiff] would be successful in the workplace" (R. 438) seems to <u>agree with</u> and <u>support</u> Ms. Reynold's opinion.  At the very least, the ALJ should have explained how she arrived at the conclusion that "characterological issues" as used by Dr. McNeley-Phelps are separate and distinct from mental impairments.  If the Commissioner is to discount the "other source" opinions on remand, she must follow the guidance provided in SSR 06-3p, explain the bases for discounting the opinions, and support that determination with evidence in the record.

-4-

The real dispute presented here is whether the proper remedy is remand for additional proceedings or remand for an immediate award of benefits. That determination is within the discretion of the district court. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)). In 2006, the Tenth Circuit noted two factors relevant to whether to remand for an immediate award of benefits: Length of time the matter has been pending and "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006)(quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1997); and citing Sisco v. Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993)). The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).

In her brief, plaintiff sought immediate award of benefits, but the entirety of her justification for an immediate award consists of but a single conclusory sentence: "The substantial evidence of the record establishes that Ms. Ford's impairments

-5-

have been so severe, since February 1, 2005, as to preclude her from working." (Pl. Br. 24). The Commissioner argues the ALJ did not fully consider how plaintiff's physical impairments might affect her RFC, and that remand for further proceedings is appropriate because there is an issue remaining to be determined. (Reply)(citing Ross v. Apfel, 999 F. Supp. 1449, 1451 (D. Kan. 1998)). The court agrees with the Commissioner that the record has not been fully developed.

As plaintiff argues, in the decision under review the ALJ did not even mention personality disorder, headaches, carpal tunnel syndrome, or plaintiff's weight. The Commissioner acknowledges that the ALJ did not properly consider physical impairments. The court may not weigh the evidence and evaluate plaintiff's impairments in the first instance. Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Therefore, remand is necessary for the Commissioner to properly evaluate all of plaintiff's impairments and to evaluate the opinions of Ms. Washmon, Ms. Reynolds, and Dr. McNeley-Phelps as discussed above. This is not one of those rare cases where the administrative record has been fully developed, where substantial and uncontradicted evidence on the record as a whole indicates disability and entitlement to benefits, and where remand for additional fact-finding would serve no useful purpose but would

merely delay the receipt of benefits.  Therefore, the court recommends remand for further proceedings consistent with this opinion.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's Motion to Remand (Doc. 17) be GRANTED, that the decision of the Commissioner be REVERSED, and that judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this <u>4th</u> day of November 2009, at Wichita, Kansas.

> **s:/   Gerald B. Cohn**
> **GERALD B. COHN**
> **United States Magistrate Judge**